# IN THE COURT OF APPEALS OF IOWA

No. 20-0465
Filed January 21, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRANCIS CHARLES LANE,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Decatur County, Patrick Greenwood, Judge.

Francis Charles Lane appeals his sentence. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Francis Charles Lane appeals the sentence for his conviction of lascivious acts with a child. Finding no abuse of discretion, we affirm.

On January 22, 2020, Lane pleaded guilty to lascivious acts with a child, in violation of Iowa Code section 709.8 (2019). The plea submitted clearly outlines the maximum and minimum sentences, and it noted Lane was "not eligible for a deferred judgment, because the child is [twelve] years of age or younger." The plea also outlined that a conviction would also result in a "special sentence of life under the supervision of the department of corrections, as though I were on parole."

At sentencing, Lane requested the presentence investigation report's recommendation that the court suspend the sentence, place Lane on probation, and place him in a residential facility until Lane completed the sex offender treatment program. The State requested the statutory term of imprisonment.

The court imposed the statutory ten-year indeterminate term of imprisonment, a fine and surcharges that the court suspended, court costs, and the lifetime special sentence. The court then expressly considered Lane's arguments in favor of a suspended sentence and probation. The court stated,

> Of course, the court's always concerned about protection of the community from further offenses committed by any defendant. In evaluating the appropriate sentence, the court also considers the nature and circumstances of the offense Mr. Lane committed. In this particular circumstance, it appears that Mr. Lane used his access to [the child] to violate the trust of that relationship and to commit an offense against the six year old child . . . . That's indeed a serious criminal offense and one that puts not only that child but others at great risk.
> The court has determine that in this case to grant probation would unduly depreciate the seriousness of that [offense] and that

probation is unwarranted because of the need to protect the community. Further, the court feels that in this case incarceration is the best way to deliver the sex offender treatment program to Mr. Lane and his rehabilitation would best be served by confinement. Therefore, his request for probation is denied.

Lane appeals his sentence, arguing the district court abused its discretion in imposing a sentence of incarceration instead of probation and placement at a residential facility.

We review a sentence imposed for correction of errors at law, and will not reverse unless there is "an abuse of discretion or defect in the sentencing procedure." *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citation omitted).

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process."

*Id.* at 105–06 (quoting *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002)).

Lane argues the district court's imposition of a term of imprisonment was "overly harsh" in light of his age (seventy-four years old), lack of criminal history, and lack of substance-abuse and mental-health issues. He asserts the court should have relied more on the risk assessment tools included in the presentence investigation report. However, he does not identify any of the grounds identified in court's ruling as clearly untenable or reasonable.

On our review, we find no abuse of discretion by the district court. The court did consider Lane's age, criminal history, and substance and mental-health history.

It considered the risk assessment tools in the presentence investigation report and observed they were "not necessarily particularized" to Lane. The court's decision was not based "on grounds or for reasons that were clearly untenable or unreasonable." *See Formaro*, 638 N.W.2d at 724. Therefore, we affirm.

**AFFIRMED.**